UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jamshid MORADI, Petitioner, v. Markwayne MULLIN, et al., Respondents. | Case No.: 26-cv-4292-AGS-GC **ORDER DENYING HABEAS PETITION (ECF 1)** |

Petitioner Jamshid Moradi seeks a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his immigration detention. There is some dispute as to which statute governs his detention—8 U.S.C. § 1225 or § 1231—but his petition is denied either way.

To the extent he's detained under 8 U.S.C. § 1225, as the government would have it, his petition fails for the same reasons that his previous petitions were denied. *See Moradi v. Divver*, 26-cv-0968-AGS-BLM, ECF 8 (S.D. Cal. March 3, 2026) (denying petition on the merits at oral argument based on a § 1225 analysis).

On the other hand, if § 1231 governs his detention, as petitioner insists, he fares no better. That statute governs, among other things, the 90-day period after a person's "order of removal becomes administratively final," known as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A) & (B). During that period, "detention is not merely legal, but required." *Tumasov v. Doe 1*, No. 25-cv-2704-AGS-JLB, 2025 WL 3171897, at *1 (S.D. Cal. Nov. 13, 2025) (citing 8 U.S.C. § 1231(a)(1)(A) and *Johnson v. Guzman Chavez*, 594 U.S. 523, 533–34 (2021)). Even under Moradi's telling, his "order of removal became administratively final" on "May 21, 2026"—less than 90 days ago. (*See* ECF 8, at 4.) Thus, his detention during the removal period is "not merely legal, but required." *See Tumasov*, 2025 WL 3171897, at *1.

In short, Moradi's latest habeas petition is, at best, premature. That petition is therefore **DENIED** without prejudice. All other pending motions are likewise denied, and the upcoming hearing is vacated.

Dated: August 14, 2026

Hon. Andrew G. Schopler
United States District Judge